**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**KELLY VOLPE,**

      **Petitioner,**                **CASE NO. 2:09-CV-790**
                                   **JUDGE JAMES L. GRAHAM**
**v.**                            **MAGISTRATE JUDGE E.A. PRESTON DEAVERS**

**GININE TRIM, WARDEN,**

      **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the instant Petition, Respondent's Return of Writ, Petitioner's Reply, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the Court **DENY** the Petition and **DISMISS** this action.

## FACTS and PROCEDURAL HISTORY

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On the evening of February 24, 2006, two motorists in the northwest area of Columbus called 911 to report a person driving a pick-up truck erratically. One of the motorists saw that the driver was a woman and that there was also a child in the truck. Both motorists witnessed the truck jump up onto the curbed median on at least two occasions, frequently go left of center, and stop at stop lights far short of the intersections and then fail to move when the light changed to green without prompting from other motorists. One of the motorists followed the truck for half an hour, trying to help the police locate it. Before the police could find it, the truck went off the road, and crashed into a tree.
>
> Columbus Police Department Sergeant, Steve Tarini, arrived at the scene within seconds of the accident. Tarini detected an odor of alcohol as he approached the truck. He found a woman, later identified as appellant, trapped behind the steering wheel of the truck. Appellant was bleeding from her head. Tarini asked appellant if she was alone. Appellant replied that she was. Appellant was moaning and asking for help to get out of the truck. Other officers arrived on the scene and discovered

appellant's six-year old daughter, Abigail, on the ground on the other side of the truck. Initially, Abigail did not have a pulse. Her eyes were fixed and dilated, which is indicative of a head injury. Tarini told another officer, Deann Trionfante, to stay with appellant and he went to assist the other officers with Abigail. Although paramedics were later able to obtain a pulse, Abigail died three days later from multiple blunt force injuries consistent with an automobile accident.

Trionfante continued to speak with appellant. Trionfante was "pretty close" to appellant's head and could smell alcohol on appellant's breath. According to Trionfante, although appellant had a head laceration, she was calm. Trionfante asked appellant if she was the only person in the vehicle. Appellant responded that she was. Trionfante also asked if appellant had been drinking. Appellant used profanity and stated that was none of Trionfante's business. Appellant denied having any medical conditions such as diabetes and denied taking any medications that day. Despite her head injury, appellant was responsive to Trionfante's medical-related questions.

Lieutenant Benjamin Anders, of the Upper Arlington Fire Department, testified that upon arriving at the scene he took over responsibility for assessing appellant's medical condition. He indicated that appellant was responsive to his questions. Appellant's vital signs were within normal limits. Appellant responded to his question about alcohol by stating that she only had a couple of merlots. Anders noticed that appellant had constricted pupils, which "can be a sign of certain drugs and medication." After appellant was placed in the ambulance, Anders stated that appellant was not sufficiently oriented to realize that she was in the back of an emergency vehicle and on her way to the hospital.

Within an hour and a half after the accident, officers from the Perry Township Police Department asked appellant to submit to a chemical test for alcohol. Appellant refused to submit to the test. Perry Township police also impounded appellant's truck and its contents. Inside the truck, the police found a black purse that contained appellant's state identification card. The purse also contained two pill bottles: one was empty, but the other contained a number of pills. The label on the bottle containing pills indicated that the pills were "Xanax" and that the prescription was filled for appellant on February 22, 2006, two days prior to the accident. Of the 60 pills that the prescription label indicated were originally in the bottle, there were 39 full and 16 half pills remaining.

A Franklin County grand jury indicted appellant with two counts of aggravated vehicular homicide in violation of R.C. 2903.06, each with a specification pursuant to R.C. 2941.1415, and one count of operating a vehicle while under the influence ("OVI") in violation of R.C. 4511.19, with a specification pursuant to R.C. 2941.1413. Appellant entered a not guilty plea to the charges and proceeded to a jury trial. Before her trial, the trial court held a hearing on appellant's motion to suppress any statements she made to police and medical personnel after the accident. The trial

2

court denied appellant's motion and allowed the State to introduce appellant's statements at trial.

The jury found appellant guilty of all three charges and their attendant specifications.

*State v. Volpe*, No. 06AP-1153, 2008 WL 928342, at *1–2 (Ohio Ct. App. April 8, 2008).

During sentencing, the trial court merged the second count of aggravated vehicular homicide ("AVH") into the first count of AVH. Consequently, the trial court only sentenced Petitioner on the first count of AVH, pursuant to Ohio Rev. Code § 2903.06(A)(1)(a), based on operating a vehicle while intoxicated ("OVI"). *Exhibit 2 to Return of Writ*. This count was a first-degree felony under Ohio Rev. Code § 2903.06(B)(2)(a)(c) due to Petitioner's history of prior OVI convictions. Ultimately, the trial court sentenced Petitioner to ten years imprisonment for the AVH offense, plus an additional three years for the specification under Ohio Rev. Code § 2941.1415. *Id.* Additionally, the trial court sentenced Petitioner on the third count, operating a vehicle while intoxicated ("OVI"), a fourth-degree felony under Ohio Rev. Code § 4511.19(G)(1)(d) due to Petitioner's history of prior OVI convictions. *Id.* For the OVI count, Petitioners received a sentence of thirty (30) months plus an additional five years for the relevant specification to run consecutively to the AVH count. *Id.* Thus, Petitioner was sentenced to serve twenty and one-half years in prison.

Petitioner filed a timely appeal. Her assignments of error including the following:

THE TRIAL COURT ERRED WHEN IT CONVICTED AND SENTENCED THE DEFENDANT ON BOTH THE CHARGE OF AGGRAVATED VEHICULAR HOMICIDE IN VIOLATION OF R.C. 2903.06(A)(1), WHICH PROSCRIBES CAUSING THE DEATH OF ANOTHER AS A PROXIMATE RESULT OF OPERATING A VEHICLE WHILE UNDER THE INFLUENCE, AND THE CHARGE OF OPERATING A VEHICLE WHILE UNDER THE INFLUENCE, IN VIOLATION OF R.C. 4511.19, SINCE THE OFFENSES ARE ALLIED OFFENSES OF SIMILAR IMPORT UNDER R.C. 2941.25, WHICH PRECLUDES MULTIPLE CONVICTIONS AND SENTENCING FOR THE SAME CONDUCT

AND BECAUSE THE CONSTITUTIONAL PROVISIONS OF THE DOUBLE JEOPARDY CLAUSE PROHIBIT THE INFLICTION OF CUMULATIVE PUNISHMENTS FOR BOTH GREATER AND LESSER INCLUDED OFFENSES.

*See Volpe*, 2008 WL 928342, at *2.  On April 8, 2008, the Ohio Tenth District Court of Appeals affirmed the trial court's judgment.  *Id.* at *15.  Petitioner filed a motion for reconsideration on April 18, 2008, in light of the Supreme Court of Ohio's recent decision in *State v. Cabrales*, 118 Ohio St.3d 54 (Ohio 2008).  *Exhibits 11 to Return of Writ*.  Additionally, on May 23, 2008, Petitioner appealed to the Supreme Court of Ohio, also citing the *Cabrales* decision.  *Exhibits 7–8 to Return of Writ*.  The Tenth District denied Petitioner's motion for reconsideration on June 3, 2008.  *Exhibit 13 to Return of Writ*.  On September 10, 2008, the Ohio Supreme Court declined jurisdiction over Petitioner's appeal.  *Exhibit 10 to return of Writ*.

On September 9, 2009, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  She alleges that she is in the custody of Respondent in violation of the Constitution of the United States as follows:

> It is contended that convictions of aggravated vehicular homicide, based upon causing the death of another as a proximate result of operating a motor vehicle while under the influence, and the offense of operating a motor vehicle while under the influence, are prohibited by the Double Jeopardy Clause of the Constitution because the offense of operating a vehicle under the influence is a lesser included offense and multiple convictions and punishments for the both greater and lesser included offenses are precluded unless there is a clear indication from the state legislature to the contrary.  Under Ohio law, one cannot be convicted and sentenced on a lesser included offense, therefore the imposition of multiple convictions and sentences violated the double jeopardy provisions of the Constitution.

(Pet. 6, ECF No. 2.)  It is the position of the Respondent that this claim is without merit.

## MERITS

In her sole claim for habeas corpus relief, Petitioner asserts that her sentences on

4

aggravated vehicular homicide and operating a motor vehicle while under the influence violate the Double Jeopardy Clause.  The Ohio Tenth District Court of Appeals rejected this claim as follows:

> [A]ppellant contends in her first assignment of error that the trial court erred when it failed to merge the counts of aggravated vehicular homicide ("AVH") and OVI for purposes of sentencing. The concept of merger for sentencing purposes arises out of the double jeopardy provisions of both the United States and Ohio Constitutions. See *State v. Lowe,* 164 Ohio App.3d 726, 843 N.E.2d 1243, 2005-Ohio-6614, at ¶ 18. These provisions guard against successive prosecutions and cumulative punishments for the same offense. *Id.; State v. Needum* (June 29, 2000), Franklin App. No. 99AP-1371.
>
> Relying on *State v. Zima,* 102 Ohio St.3d 61, 806 N.E.2d 542, 2004-Ohio-1807, appellant contends that OVI is a lesser included offense of AVH and, therefore, she could not be sentenced for both offenses. Appellant's reliance on *Zima* is misplaced. *Zima* involved a case of successive prosecutions, the permissibility of which is determined by the test articulated in *Blockburger v. United States* (1932), 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306. *Zima,* at ¶ 18; *State v. Bentley* (Dec. 6, 2001), Athens App. No. 01 CA13. Appellant's claim in this assignment of error is that the trial court erred by imposing cumulative punishments for what she considers is the same offense. *Zima* is not relevant to that determination.
>
> Instead, to determine whether cumulative punishments may be imposed for crimes that arise from a single criminal act, we must apply the Supreme Court of Ohio's decision in *State v. Rance* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699. Under *Rance,* our analysis begins with R.C. 2941.25, the General Assembly's "clear indication" of its intent to permit cumulative punishments for the commission of certain offenses. *Id.* at 635-636, 710 N.E.2d 699. With that statute, the General Assembly permits multiple punishments if the defendant commits offenses of dissimilar import. *Id.* at 636, 710 N.E.2d 699; R.C. 2941.25(B). If, however, the defendant's actions constitute two or more allied offenses of similar import, the defendant may only be convicted (specifically, found guilty and punished) of only one. However, if offenses of similar import are committed separately or with a separate animus, the defendant may be punished for both. *Rance* at 636, 710 N.E.2d 699.
>
> Thus, to determine whether appellant may be punished for both AVH and OVI, we must decide whether those offenses are allied offenses of similar import. In determining whether crimes are allied offenses of similar import, the Supreme Court of Ohio explained that "[c]ourts should assess, by aligning the elements of each crime in the abstract, whether the statutory elements of the crimes 'correspond to such a degree that the commission of one crime will result in the commission of the

5

other.' " *Id.* at 638, 710 N.E.2d 699, quoting *State v. Jones* (1997), 78 Ohio St.3d 12, 14, 676 N.E.2d 80. The court explained that if the elements do so correspond, the defendant may not be convicted of both "unless the court finds that the defendant committed the crimes separately or with separate animus." *Rance,* at 638-639, 710 N.E.2d 699; R.C. 2941.25(B). If they do not, the offenses are of dissimilar import, and the defendant may be punished for both. *Rance,* at 639, 710 N.E.2d 699; *Lowe,* at ¶ 22.

The jury found appellant guilty of two counts of AVH in violation of R.C. 2903.06. The trial court properly merged these two counts for purposes of sentencing and sentenced appellant only for one count. R.C. 2903.06, the AVH statute, provides:

> (A) No person, while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft, shall cause the death of another or the unlawful termination of another's pregnancy in any of the following ways:

> (1)(a) As the proximate result of committing a violation of [R.C. 4511.19(A) ] or of a substantially equivalent municipal ordinance[.]

> * * *

> (2) * * * (a) Recklessly;

> * * *

> (2) * * *

> (a) Negligently[.]

Further, the AVH count also contained allegations of prior OVI convictions (three convictions within six years) that increased the severity of the count from a second-degree felony to a first-degree felony. R.C. 2903.06(B)(2)(a)(iv). When the existence of a prior conviction transforms the crime itself by increasing its degree, the prior conviction is an essential element of the crime. *Brooke,* supra, at ¶ 8. These prior convictions are, therefore, also elements that must be considered in the *Rance* analysis.

Appellant was also found guilty of OVI in violation of R.C. 4511.19(A)(1)(a). That statute provides:

> No person shall operate any vehicle, streetcar, or trackless trolley

within this state, if, at the time of the operation, any of the following apply:

The person is under the influence of alcohol, a drug of abuse, or a combination of them.

Additionally, this count contained allegations of prior OVI convictions (five convictions within 20 years) that increased the severity of the count from a first-degree misdemeanor to a fourth-degree felony. R.C. 4511.19(G)(1)(d). These prior convictions are, therefore, also elements that must be considered in the *Rance* analysis.

We find these counts of AVH and OVI are not allied offenses of similar import. Comparing the statutory elements of each offense in the abstract, they do not correspond to such a degree that the commission of one crime will result in the commission of the other. It is obvious that one could drive under the influence of alcohol, a drug of abuse, or a combination of them in violation of R.C. 4511.19 and not cause the death of another in violation of R.C. 2903.06. Additionally, one could drive recklessly or negligently and cause the death of another in violation of R.C. 2903.06 and not drive under the influence of alcohol, a drug of abuse, or a combination of them in violation of R.C. 4511.19. Finally, an individual who has three OVI convictions within six years, and therefore commits the first-degree felony form of AVH, does not necessarily commit the fourth-degree felony form of OVI, because that offense requires five such convictions within 20 years.

One other appellate court has also determined that AVH and OVI are not allied offenses of similar import. *State v. Miller*, Stark App. No.2007CA00142, 2007-Ohio-6272, at ¶ 18. Other courts have found similar offenses, aggravated vehicular assault and vehicular homicide, not to be allied offenses of similar import of OVI. See *State v. O'Neil*, Cuyahoga App. No. 82717, 2005-Ohio-4999, at ¶ 18 (aggravated vehicular assault); *State v. Roberts* (June 29, 1998), Butler App. No. CA-97-10-186 (vehicular homicide).

Because the AVH and OVI offenses are not allied offenses of similar import, the trial court properly sentenced appellant on both counts. Appellant's first assignment of error is overruled.

*Volpe*, 2008 WL 928342, at *13–14. The state appellate court denied Petitioner's subsequent motion for reconsideration based on the Ohio Supreme Court's decision in *Cabrales* (issued one day after the appellate court's decision denying petitioner's appeal), in relevant part as follows:

In our April 8, 2008 opinion, we affirmed appellant's convictions for two counts of

aggravated vehicular homicide ("AVH") in violation of R.C. 2903.06, each with a specification pursuant to R.C. 2941.1415, and one count of operating a vehicle while under the influence ("OVI") in violation of R.C. 4511.19, with a specification pursuant to R.C. 2941.1413. We also affirmed the sentence imposed by the trial court for these convictions. *State v. Volpe*, Franklin App. No. 06AP-1153, 2008-Ohio-1678. In affirming the sentence, we rejected appellant's argument that the trial court erred when it failed to merge the counts of AVH with the OVI count for purposes of sentencing.FN Applying R.C. 2941.25(A) as interpreted by *State v. Rance* (1999), 85 Ohio St.3d 632, we concluded that the AVH count and the OVI count at issue here are not allied offenses of similar import because comparing the statutory elements of each in the abstract, they do not correspond "to such a degree that the commission of one crime will result in the commission of the other." *Volpe* at ¶66; quoting *Rance* at 638, quoting *State v. Jones* (1997), 78 Ohio St.3d 12, 14.

> FN: For purposes of sentencing, the trial court merged the two counts of aggravated vehicular homicide and sentenced appellant to a ten-year prison term for one count of aggravated vehicular homicide plus a three-year prison term for the specification.

In her application for reconsideration, appellant argues we should reconsider our opinion in light of *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, which was released one day after we released our opinion in the case at bar. Appellant argues that *Cabrales* requires that we reach a different conclusion on the issue of whether the AVH count and the OVI count at issue here should merge for sentencing purposes. We disagree.

Appellant correctly points out that *Cabrales* attempts to clarify the *Rance* test under R.C. 2941.25(A). *Cabrales* sets forth the following analysis:

> In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), courts are required to compare the elements of offenses in the abstract without considering the evidence in the case, but are not required to find an exact alignment of the elements. Instead, if, in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offenses will necessarily result in commission of the other, then the offenses are allied offenses of similar import. (*State v. Rance* [1999], 85 Ohio St.3c 632, 710 N.E.2d 699, clarified.)

Applying the *Cabrales* analysis to the case at bar, it is obvious that the commission of the OVI offense at issue here (a fourth degree felony violation of R.C. 4511.19[A]) will not necessarily result in the commission of an AVH offense because the OVI offense does not necessarily result in the death of another. The

more difficult question is whether the commission of the AVH offense at issue here (proximately causing the death of another while operating a motor vehicle in violation of R.C. 4511.19(A). We conclude that it does not.

In order to determine whether offenses are allied offenses of similar import under R.C. 2941.25(A), *Cabrales* requires that we compare the elements of the offenses in the abstract without considering the evidence in the case to determine whether the commission of one offense will necessarily result in the commission of the other. However, as the court clarified in *Cabrales*, an exact alignment of the elements is not required.

Here, pursuant to R.C. 4511.19(A) and 4511.19(G)(1)(d), the elements of fourth degree felony OVI are:

> (1) operation of a vehicle;

> (2) under the influence of alcohol and/or drugs; and

> (3) with five or more prior OVI convictions or guilty pleas within 20 years of the offense.

Pursuant to R.C. 2903.06(B)(2)(c), the elements of the first degree felony AVH offense at issue here are:

> (1) causing death;

> (2) as a proximate result of an OVI offense;

> (3) while operating a vehicle;

> (4) while under suspension; or

> (5) having three prior OVI convictions or guilty pleas within the previous six years.

Comparing the elements of these offenses in the abstract reveals that the commission of the first degree felony AVH does not necessarily result in the commission of the fourth degree felony OVI offense because this OVI offense requires five or more prior OVI convictions or guilty pleas within the last 20 years. The first degree felony AVH offense requires only three prior OVI convictions within the previous six years. Therefore, these offenses are not allied offenses of similar import under R.C. 2941.25(A), as interpreted by *Rance*, and clarified by *Cabrales*.

*Exhibit 13 to Return of Writ.*

9

**STANDARD**

When reviewing a petition for writ of habeas corpus, the factual findings of the state appellate court are presumed to be correct. Specifically, 28 U.S.C. § 2254(e)(1) provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Further, a federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented. 28 U.S.C. § 2254(d). The United States Court of Appeals for the Sixth Circuit has summarized this standard as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court on materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from the Supreme Court's decisions but unreasonably applies it to the facts of the petitioner's case.

*Boykin v. Webb,* 541 F.3d 638, 642 (6th Cir. 2008) (quoting *Williams v. Taylor,* 529 U.S. 362 (2000)).

**ANALYSIS**

As noted above, Petitioner maintains that by sentencing her for both AVH pursuant to Ohio Rev. Code § 2903.06(A)(1)(a) and OVI pursuant to Ohio Rev. Code § 4511.19, the trial court violated her constitutional right to be free from double jeopardy. For the reasons that follow, the undersigned concludes that this Court is bound by the state court's determination of

legislative intent.  Accordingly, it is **RECOMMENDED** that the Court **DENY** the Petition.

A.    **Double Jeopardy**

The Double Jeopardy Clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb."  U.S. Const. amend. V.  As the Sixth Circuit has noted:

> The Supreme Court has identified three ways in which the Double Jeopardy Clause protects a criminal defendant's rights.  It "protects against a second prosecution for the same offense after acquittal.  It protects against a second prosecution for the same offense after conviction.  And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 716, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (footnotes omitted), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).

*Palmer v. Haviland*, 273 F. App'x 480, 483–84 (6th Cir. 2008).

Petitioner's claim implicates the third of these categories.  "Unlike the first two categories, the multiple-punishments category of double jeopardy is primarily one of legislative intent." *Id.* at 484.  As the Supreme Court has detailed, "[w]ith respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366 (1983).  Accordingly, when assessing legislative intent in the multiple punishments context, the Court's first step is to determine whether "there is a clear indication that [the legislature] intended cumulative punishments for violation of two statutes." *United States v. Cantrell*, 278 F.3d 543, 547 (6th Cir. 2001) (citing *Missouri v. Hunter*, 459 U.S. 359 (1983)).  The Supreme Court has provided the following description of the legislative intent

analysis:

> In the federal courts the test established in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), ordinarily determines whether the crimes are indeed separate and whether cumulative punishments may be imposed." *See Albernaz v. United States*, 450 U.S. 333, 337, 101 S.Ct. 1137, 1141, 67 L.Ed.2d 275 (1981); *Whalen v. United States*, 445 U.S. 684, 691, 100 S.Ct. 1432, 1437, 63 L.Ed.2d 715 (1980). As should be evident from our decision in *Missouri v. Hunter*, however, the *Blockburger* test does not necessarily control the inquiry into the intent of a state legislature. Even if the crimes are the same under *Blockburger*, if it is evident that a state legislature intended to authorize cumulative punishments, a court's inquiry is at an end.

*Ohio v. Johnson*, 467 U.S. 493, 499 n.8 (1984); *see also Albernaz*, 450 U.S. at 340 ("The *Blockburger* test is a 'rule of statutory construction,' and because it serves as a means of discerning congressional purpose the rule should not be controlling where, for example, there is a clear indication of contrary legislative intent.").

This double-jeopardy jurisprudence limits the scope of a federal court's habeas review. The Sixth Circuit has specifically held "'[f]or the purpose of double jeopardy analysis, once a state court has determined that the state legislature intended cumulative punishments, a federal habeas court must defer to that determination.'" *Palmer*, 273 F. App'x at 486 (quoting *Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989)).  In other terms, "[a]s long as the state court has concluded that the legislature intended cumulative punishment, this court is bound by that conclusion." *Id.*; *see also Johnson*, 467 U.S. at 499 (1984) ("We accept, as we must, the Ohio Supreme Court's determination that the Ohio Legislature did not intend cumulative punishment for the two pairs of crimes involved here.")  Accordingly, if a state court finds legislative intent for cumulative punishment, the Court "cannot independently apply typical rules of statutory construction, including the *Blockburger* test, to a state statute and conclude that the state courts

12

were wrong in their reading of legislative intent." *Palmer*, 273 F. App'x at 486.

The Sixth Circuit has further explained:

> We owe the [state] courts deference even if, as seems to be the case, [the petitioner's] appeal was the first time that they ruled on the issue. Because "the only question for the [state appellate court] was what the legislature had intended," any error in its reasoning "is purely a matter of state law." *McCloud v. Deppisch*, 409 F.3d 869, 874 (7th Cir.), *cert. denied*, 546 U.S. 1063, 126 S.Ct. 800, 163 L.Ed.2d 631 (2005); *see also Banner v. Davis*, 886 F.2d 777, 782 (6th Cir.1989) (holding that we may not "independently evaluate the scope of the Tennessee statutes here, the Tennessee Court of Criminal Appeals and [Tennessee] Supreme Court having already held that the legislature intended cumulative punishments"). "[T]he fact that the state court's interpretation of state law happens to be central to the double jeopardy analysis does not permit us to review the [state appellate court's] construction of [its own] law." *McCloud*, 409 F.3d at 875. It does not matter, as [the petitioner] argues, that the state appellate decision was not precedential or that only a state's supreme court can issue a binding interpretation of state law. The state court's decision of state law is not cognizable on habeas review.

*Jones v. Harry*, 405 F. App'x 23, 28–29 (6th Cir. 2010).

The Ohio legislature has codified its general intentions with regards to multiple punishments. Specifically, Ohio Rev. Code § 2941.25 provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import . . . the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

At the time of the relevant proceedings,[1] the Supreme Court of Ohio interpreted § 2941.25 to

---

[1]  In 2010, the Supreme Court of Ohio set forth a new test for determining whether two offenses are allied offenses of similar import pursuant to Ohio Rev. Code § 2941.25. *See State v. Johnson*, 128 Ohio St.3d 153 (Ohio 2010). Because the Court must assess the state court's decision at the time it was issued, it will not consider this new test.

13

require a court to compare the elements of offenses in the abstract to determine whether the offenses were of similar import.  *State v. Rance*, 85 Ohio St.3d 632, 638 (Ohio 1999). Specifically, *Rance* provided that "[c]ourts should assess, by aligning the elements of each crime in the abstract, whether the statutory elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other."  *Id.*  (internal quotations omitted).  The Supreme Court of Ohio later clarified, one day after the appellate court's decision, that "nowhere does *Rance* mandate that the elements of compared offenses must exactly align for the offenses to be allied offenses of similar import . . . ."  *State v. Cabrales*, 118 Ohio St.3d 54, 59 (Ohio 2008).

**B.     Application**

It is with some reservation that the undersigned issues this Report and Recommendation. Here, the Ohio Tenth District Court of Appeals found that AVH under Ohio Rev. Code § 2903.06(A)(1)(a) and OVI under Ohio Rev. Code § 4511.19(a)(1)(a) were not allied offenses of similar import.  *Volpe*, 2008 WL 928342, at *14–15.  Therefore, the court concluded that the state legislature intended cumulative punishment for these crimes.  *Id.*  This case is troubling because, in reaching its conclusion regarding the intent of the legislature to impose multiple punishments, the state court disregarded a highly analogous decision of the Ohio Supreme Court and omitted a relevant portion of Ohio Rev. Code § 4511.19 from its analysis.  Nevertheless, this Court is severely hampered in its ability to provide a remedy because, based on the Sixth Circuit precedent detailed above, any error the state court made in its analysis is a matter of state law, and, thus, is not subject to habeas review.

In performing its cumulative punishment analysis, the state court disregarded Supreme

14

Court of Ohio precedent that raised an analogous legal issue.  Specifically, the court of appeals concluded that the Supreme Court of Ohio's decision in *State v. Zima*, 102 Ohio St.3d 61 (Ohio 2004) did not affect its analysis regarding cumulative punishments.  *Volpe*, 2008 WL 928342, at *14–15.  When viewed in combination with *Rance*, however, *Zima* strongly suggests that AVH and OVI were allied offenses of similar import under Ohio law at the time of the state appellate court's determination.  In *Zima*, the Supreme Court of Ohio concluded that driving under the influence was a lesser included offense of aggravated vehicular assault under Ohio Rev. Code § 2903.08(A)(1).  102 Ohio St.3d at 68.  In reaching this conclusion, the Supreme Court of Ohio emphasized "[b]y definition, a lesser included offense contains no element of proof beyond that required for the greater offense."  *Id.*  Consequently, the *Zima* Court found that the commission of the statutory elements of § 2903.08(A)(1) resulted in the commission of the statutory elements of OVI.  A natural inference from this conclusion is that the offenses are also allied offenses of similar import.  *See State v. Evans*, 122 Ohio St.3d 381, 388–89 (Ohio 2009) (noting, because of the similarity of the tests involved, that "a lesser included offense will always be an allied offense"); *State v. Caston*, No. E-09-051, 2010 WL 5550681, at *6–7 (Ohio Ct. App. Dec. 30, 2010) (following the test set forth in *Rance* to hold that "[i]n this case, as in *Zima*, . . . since a predicate offense (OVI) exists as an element of another offense (aggravated vehicular assault), the offenses are allied offenses of similar import").

The state court dismissed *Zima* as irrelevant to its analysis because it involved successive prosecutions rather than cumulative punishments.  *Zima* also involved aggravated vehicular assault under Ohio Rev. Code § 2903.08(A)(1) and not AVH under Ohio Rev. Code § 2903.06(A)(1)(a).  Nevertheless, the *Zima* decision was at least persuasive, if not binding on the

15

court of appeals.  As detailed above, the definition of lesser included offense is strikingly similar to the *Rance* test.  Additionally, for the purposes of comparing the statutory elements to those of OVI, there is no relevant difference between Ohio Rev. Code §§ 2903.08(A)(1) (vehicular assault) and  2903.06(A)(1)(a) (vehicular homicide).[2]

In its legislative intent analysis, the state appellate court also did not consider the relevant statutes in their entirety.  The court, relying on *State v. Brooke*, 113 Ohio St.3d 199 (Ohio 2007), found that when prior convictions increase the degree of a crime, the prior convictions become an essential element of the crime and must be considered in the *Rance* analysis.  The court noted that AVH increases to a first-degree felony when an offender has three prior OVI convictions within six years and OVI increases to a fourth-degree felony when an offender has five OVI convictions with twenty years.  *See* Ohio Rev. Code § 2903.06(B)(2)(c); Ohio Rev. Code § 4511.19(G)(1)(d).

---

[2]  Ohio Rev. Code § 2903.08(A)(1)(a) provides:

(A) No person, while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft, shall cause serious physical harm to another person or another's unborn in any of the following ways:

(1)(a) As the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance . . . .

Ohio Rev. Code § 2903.06(A)(1)(a) provides:

(A) No person, while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft, shall cause the death of another or the unlawful termination of another's pregnancy in any of the following ways:

(1)(a) As the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance . . . .

In holding the relevant counts of AVH and OVI to be of a dissimilar import under *Rance*, the court of appeals stressed that "an individual who has three OVI convictions within six years, and therefore commits the first-degree felony form of AVH, does not necessarily commit the fourth-degree felony form of OVI, because that offense *requires* five such convictions within 20 years."[3]  *Volpe*, 2008 WL 928342, at *15 (emphasis added).

The state appellate court's prior-conviction analysis demonstrates that the court failed to consider the entire text of Ohio Rev. Code § 4511.19(G)(1)(d).  Ohio Rev. Code § 4511.19(G)(1)(d) does not *require* five convictions within 20 year to transform an OVI into a fourth-degree felony.  Rather, an OVI may become a fourth-degree felony under Ohio Rev. Code § 4511.19(G)(1)(d) in two different ways.  Specifically, this provision, as a whole, provides:

> (G)(1) Whoever violates any provision of divisions (A)(1)(a) to (i) or (A)(2) of this section is guilty of operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them. Whoever violates division (A)(1)(j) of this section is guilty of operating a vehicle while under the influence of a listed controlled substance or a listed metabolite of a controlled substance. The court shall sentence the offender for either offense under Chapter 2929. of the Revised Code, except as otherwise authorized or required by divisions (G)(1)(a) to (e) of this section:

> (d) Except as otherwise provided in division (G)(1)(e) of this section, *an offender who, within six years of the offense, previously has been convicted of or pleaded guilty to three or four violations of division (A) or (B) of this section or other equivalent offenses or* an offender who, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more violations of that nature is guilty of a felony of the fourth degree.

---

[3]  The state court also noted that a person can be convicted of AVH for reckless or negligent action.  *Volpe*, 2008 WL 928342, at *15.  This analysis ignored the merger of AVH counts that occurred prior to sentencing.  The AVH count the trial court ultimately sentenced Petitioner on  requires that the death occur as the proximate result of an OVI.  Ohio Rev. Code § 2903.06(A)(1)(a).

Ohio Rev. Code § 4511.19(G)(1)(d) (emphasis added). Accordingly, analyzing Ohio Rev. Code § 4511.19(G)(1)(d) in the abstract, as opposed to considering the evidence in this case, as *Rance* instructs courts must do, a person who has three or four OVI violations within six years also commits a fourth-degree felony OVI. The state appellate court's omission of this portion of the statute is striking because this portion matches the requirements of first-degree felony AVH: three OVI convictions in six years.[4] *Compare* Ohio Rev. Code § 4511.19(G)(1)(d); *with* Ohio Rev. Code § 2903.06(B)(2)(c).

Comparing the relevant offenses, in their entirety, reveals that the elements correspond to such a degree that commission of first-degree felony AVH will result in the commission of fourth-degree felony OVI. Fourth-degree felony OVI pursuant to § 4511.19(A) and § 4511.19(G)(1)(d) requires proof that a person (1) committed an OVI and (2) has either three or four prior OVI convictions within six years, or five or more prior OVI convictions within twenty years. First-degree felony AVH pursuant to § 2903.06(A)(1)(a) and § 2903.06(B)(2)(c) requires proof that a person (1) caused the death of another, (2) by committing an OVI, and (3) has three or more prior OVI convictions within the previous six years. Comparing these offenses in the abstract, any person who satisfies the elements of first-degree AVH will automatically satisfy the elements of fourth-degree felony OVI. Accordingly, considering the entire statutes involved, it appears that first-degree felony AVH and fourth-degree felony OVI are allied offenses of similar

---

[4] The state court apparently overlooked this portion of § 4511.19(G)(1)(d) because the sentencing specification that attached to Petitioner's OVI conviction required five or more OVI convictions within twenty years for penalty enhancement. *See* Ohio Rev. Code § 2941.1413. Nevertheless, the court made clear in its analysis that it was the prior convictions required under Ohio Rev. Code § 4511.19(G)(1)(d) that were essential elements of the crime—and thus a part of the *Rance* analysis—because these prior convictions raised the degree of the offense. *Volpe*, 2008 WL 928342, at *15.

import under *Rance*.

Even though this Court may have decided the issue differently, the undersigned finds that this Court is bound by the Ohio Tenth District Court of Appeal's decision as to state legislative intent. As detailed above, habeas relief is available for unreasonable applications of clearly established federal law. The Court's role in habeas review does not extend to reexamination of a state court's interpretation of state law. Although relevant to the double jeopardy inquiry, the question of legislative intent for cumulative punishment is ultimately a question of state law. Any errors in the state court's application of Ohio Supreme Court precedent and interpretation of Ohio legislature intent are ultimately matters of state law. Following the Sixth Circuit precedent in the cumulative-punishment context, the undersigned concludes that the Court is bound by the state court's determination of legislative intent.

The Court notes that *Pryor v. Rose*, 724 F.2d 525 (6th Cir. 1984), provides a narrow avenue through which a federal court may travel to review a state court's determination regarding legislative intent. In *Pryor*, the state supreme court had inferred, from a lack of concrete discussion on the topic, that the legislature intended cumulative punishment for the particular crimes at issue. 724 F.2d at 530–31. The Sixth Circuit found this inferential analysis to be "wholly unacceptable" given the Supreme Court's requirement that a "legislature clearly indicate that consecutive sentences are permissible . . . ." *Id.* at 531 (internal quotations omitted). In *Banner*, the Sixth Circuit cast doubt on *Pryor's* continued viability, explicitly limiting the holding "to a narrow situation in which the state courts below had failed to give a clear expression on the issue of cumulative punishment." 886 F.2d at 782.

To the extent that *Pryor* has continued viability, it is not applicable to the current case.

19

Here, the state appellate court recognized the importance of the legislative intent to the question of double jeopardy.  *Volpe*, 2008 WL 928342, at 14.  It performed an analysis under Ohio Revised Code § 2941.25, applying the *Rance* test to the offenses in question, to determine legislative intent. *Id.* at 14–15.  Finally, the state court concluded that the offenses were not allied offenses of similar import and, therefore, sentencing on both offenses was clearly intended pursuant to Ohio Rev. Code §  2941.25.  *Id.*  Given these circumstances, the state court reached the issue of, and gave clear expression to the legislature's intent to impose, cumulative punishments. Even though the analysis appears to have some structural infirmities, this Court is bound to the state court's determination.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the Court **DENY** the Petition and **DISMISS** this action.

Additionally, it is **RECOMMENDED** that the Court **GRANT** any request by Petitioner for a certificate of appealability pursuant to 28 U.S.C. § 2253(c).  The United States Supreme Court has provided, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As the above analysis suggests, there is at least some reason to doubt the constitutionality of Petitioner's sentencing. Furthermore, a reasonable jurist might find it unclear how far the Sixth Circuit's *Pryor* decision extends in light of subsequent case law.  Under these circumstances, the undersigned concludes that reasonable jurists could debate the outcome of Petitioner's constitutional claim.

20

**NOTICE**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816*,* 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: September 26, 2011                          ___/s/ *Elizabeth A. Preston Deavers*___
                                                                              Elizabeth A. Preston Deavers
                                                                              United States Magistrate Judge

21