IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kelly Volpe,

    Petitioner,

    v.                                CASE NO. 2:09-cv-790

Ginine Trim, Warden,

    Respondent.

## OPINION AND ORDER

On September 26, 2011, the magistrate judge issued a Report and Recommendation recommending that the instant petition for a writ of habeas corpus filed pursuant to 28 U.S.C. §2254 be denied and that this action be dismissed. See Doc. 18. This matter is before the court on the petitioner's objections to the Report and Recommendation. See Doc. 19.

Petitioner alleged in her habeas petition that her convictions and sentences for aggravated vehicular homicide in violation of Ohio Revised Code §2903.06 and operating a vehicle while under the influence in violation of Ohio Revised Code §4511.19 violated the principles of double jeopardy found in the Sixth Amendment to the United States Constitution. Petitioner also raised this argument in her direct appeal to the Ohio Court of Appeals for the Tenth Appellate District. Since the sentences were imposed in a single prosecution, the issue before the state court of appeals was whether the Ohio General Assembly intended to authorize cumulative punishments; if cumulative punishments were intended, then there was no double jeopardy violation. See Ohio v. Johnson, 467 U.S. 493, 499 n. 8 (1984)(stating that "if it is evident that a state legislature intended to authorize cumulative punishments, a court's

inquiry is at an end"); Missouri v. Hunter, 459 U.S. 359, 633 (1983)("With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.").

In a decision rendered on April 8, 2008, the state court of appeals rejected petitioner's double jeopardy argument. The court applied the analysis specified in State v. Rance, 85 Ohio St.3d 632 (1999), for determining whether the Ohio General Assembly intended to punish both offenses cumulatively, including consideration of whether the offenses were of dissimilar import under Ohio Rev. Code §2941.25. The court of appeals concluded that the offenses of aggravated vehicular homicide and operating a vehicle while under the influence were not allied offenses of similar import, that the Ohio General Assembly intended to permit cumulative punishments for these offenses, and that petitioner's sentence on both counts did not offend double jeopardy principles. See State v. Kelly J. Volpe, No. 06AP-1153 (10th Dist.), 2008 WL 928342 (Ohio App. April 8, 2008).

Petitioner filed a motion for reconsideration in light of State v. Cabrales, 118 Ohio St.3d 54 (2008), in which the Ohio Supreme Court further discussed the Rance analysis. In a decision rendered on June 3, 2008, the court of appeals held that even under the Cabrales standards, the two offenses were not of similar import. Petitioner sought to appeal the decision of the court of appeals, and the Ohio Supreme Court denied leave to appeal on September 10, 2008. See State v. Volpe, 119 Ohio St.3d 1448, 893 N.E.2d 518 (2008).

In her report and recommendation, the magistrate judge relied

on Banner v. Davis, 886 F.2d 777 (6th Cir. 1989), in concluding that this court is bound by the state court's holding regarding the issue of legislative intent. Petitioner argues that this conclusion was erroneous, and that the magistrate judge should have engaged in an independent analysis of Ohio law to determine whether the court of appeal's decision was an accurate enunciation of Ohio law or an aberration.

The magistrate judge did not err in concluding that this court lacks the authority to review the state court's interpretation of Ohio law. In Banner, the Sixth Circuit held that the federal court was bound by the Tennessee Supreme Court's decision that aggravated assault and shooting into a building were separate offenses for double jeopardy purposes. 886 F.2d at 781-82. The court noted that since the Tennessee courts had already held that the legislature intended cumulative punishments, the district court's inquiry "is at an end" and the federal courts could not apply the test announced in Blockbuger v. United States, 284 U.S. 299 (1932), a rule of statutory construction for federal statutes, "to independently evaluate the scope of the Tennessee statutes here[.]" Id. The Banner court further stated, "For the purpose of double jeopardy analysis, once a state court has determined that the state legislature intended cumulative punishments, a federal habeas court must defer to that determination." Id. at 780; see also White v. Howes, 586 F.3d 1025, 1029-1033 (6th Cir. 2009)(reversing district court's grant of writ of habeas corpus and finding no basis for distinguishing Banner where state court of appeals had concluded that the cumulative punishments for felon in possession of a firearm and possession of a firearm during the commission of a second-offense felony were authorized under Michigan law); Rodgers

3

v. Bock, 49 Fed.Appx. 596, 597 (6th Cir. 2002)(affirming denial of writ, noting that "a state court's determination that a state legislature intended multiple punishments is binding in habeas corpus").

As the Sixth Circuit later explained in Jones v. Harry, 405 Fed.Appx. 23, 29 (6th Cir. 2010), "a state court's decision of state law is not cognizable on habeas review." In the double jeopardy context, the only question for the state court is what the state legislature intended, and therefore any error in its reasoning is purely a matter of state law. Id. at 28 (citing McCloud v. Deppisch, 409 F.3d 869, 874 (7th Cir. 2005) and Banner, 886 F.2d at 782). Under 28 U.S.C. §2254(d), an application for writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim- (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. §2254(d)(emphasis supplied). See McCloud, 409 F.3d at 874-75 ("State law errors normally are not cognizable in habeas proceedings, ... and the fact that the state court's interpretation of state law happens to be central to the double jeopardy analysis does not permit us to review the Wisconsin Court of Appeals' construction of Wisconsin law.")(internal citation omitted).

The Banner court also distinguished the prior Sixth Circuit decision in Pryor v. Rose, 724 F.2d 525 (6th Cir. 1984)(en banc), in which the Sixth Circuit independently interpreted the scope of the Tennessee criminal statutes for purposes of a double jeopardy analysis. The Banner court noted that the scope of Pryor "appears

4

limited to a narrow situation in which the state courts below had failed to give a clear expression on the issue of cumulative punishment. This has not occurred here, where the Tennessee courts have carefully considered and analyzed the scope of the Tennessee statutes." Banner, 866 F.2d at 782.

In the instant case, the Ohio court of appeals thoroughly addressed the issue of legislative intent, applying the relevant tests under Ohio law, and concluded that petitioner could be sentenced for both aggravated vehicular homicide and operating a motor vehicle while under the influence. Whether that decision was correct is beyond the scope of this court's review in this §2254 proceeding. See Palmer v. Haviland, 273 Fed.Appx. 480, 485-87 (6th Cir. 2008)(where Ohio court of appeals applied the Rance test and held that the state legislature intended for cumulative punishments for robbery and aggravated robbery, "this court is bound by that conclusion.").

Pursuant to 28 U.S.C. §636(b)(1), this court has conducted a de novo review of those portions of the Report and Recommendation objected to by petitioner. For the reasons discussed above, petitioner's objections are overruled. Insofar as the Report and Recommendation recommends the denial of the petition and dismissal of this action under Banner, it is hereby adopted and affirmed. This court expresses no opinion concerning whether the Ohio court of appeals correctly decided the issue of legislative intent to impose cumulative sentences in the instant case.

This action is hereby dismissed.

Date: November 7, 2011        s/James L. Graham
                                     James L. Graham
                                     United States District Judge